**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Bayard B., Plaintiff(s), v. Frank Bisignano, Defendant(s). | Case No. 2:26-cv-00035-NJK **ORDER** [Docket No. 19] |

Pending before the Court is stipulation for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 19.

Plaintiff seeks to recover at an hourly rate of $258.46 for attorney time. Docket No. 19-2. In calculating attorney fees under the EAJA, the Court determines the applicable attorney rate by looking first to the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A); *see also, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). No meaningful explanation is provided that the $258.46 rate being sought is in line with the prevailing market rate as to the services provided by either of Plaintiff's attorneys. Moreover, the bulk of the work appears to have been performed by an attorney barred in California on July 29, 2025. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of state bar records). If this attorney performed the subject work a few months into his law practice, it is not clear that the prevailing rate for those services in this District would be at or above $258.46.[1]

The Court notes counsel's frustration in needing to substantiate the fees that he asks the Court to approve. We are operating in very busy times and the Court does not endeavor to create

[1] There is no meaningful argument as to the attorney rates, though there is reference to out-of-district matrices and other generalized materials. *See* Docket No. 19 at 31-32. Pursuant to published Ninth Circuit authority, the Court declines to assess rates on that showing. *See, e.g.*, *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (affirming district court's refusal to apply the *Laffey* matrix; "just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away").

extra work for itself or anyone else, but the Court must also be mindful of its own duties.[2] Among other problems with this stipulation is that Plaintiff envisions a judicial catch-22: on the one hand, Plaintiff asks the Court to lend its imprimatur to his fee request; on the other hand, Plaintiff says the Court cannot analyze that fee request. Such position begs the question of why this stipulation seeking judicial approval was filed in the first place. It would seem that either (1) judicial approval is required and the Court determines whether the fees sought are appropriate, or (2) judicial approval is not required and Plaintiff may rely on his agreement with the Commissioner without involving the Court at all.[3]

Accordingly, if Plaintiff continues to seek judicial approval for the fees being sought, no later than October 9, 2026, he must file a supplement substantiating that the attorney hourly rate being sought accords with the prevailing market rate. If Plaintiff does not continue to seek judicial approval for the fees being sought, no later than October 9, 2026, he must file a notice that he is withdrawing the instant stipulation as unnecessary.

IT IS SO ORDERED

Dated: September 25, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] There is ample legal authority that a judge has a duty to assess the reasonableness of an EAJA fee request even when the Government does not oppose it. *See, e.g.*, *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999); *Antunez v. Comm'r of Soc. Sec. Admin.*, Case No. CV-16-01072-PHX-JAT, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017) (quoting *Keyser v. Astrue*, Case No. Civ 08-1268-CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012)). There is also ample legal authority that a judge has a duty to assess the reasonableness of an EAJA fee award even when the parties affirmatively agree to the award. *See, e.g.*, *Pribek v. Sec., Dept. of Health & Human Servs.*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation" (internal quotations omitted)); *Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151-52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds.' These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether and at what level attorney's fees are appropriate in an EAJA case. . . . In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.")

[3] If Plaintiff envisions a third option, he has not explained in meaningful fashion what that would be.